Coos,
No. 5251.

HAROLD B. ALDEN *& a. v.* LAURA KIMBALL.

Argued September 10, 1964.
Decided October 6, 1964.

*Sheehan, Phinney, Bass, Green & Bergevin (Mr. Gerard O. Bergevin* orally), for the plaintiffs.

*Hinkley & Donovan (Mr. Walter D. Hinkley* orally), for the defendant.

DUNCAN, J.    Appeal by an employer and his insurer under RSA 281:37 (supp).    Following remand of this case after its former transfer to this court (*Alden* v. *Kimball,* 104 N. H. 454) the Labor Commissioner awarded to the defendant Kimball, widow of the deceased employee, compensation benefits at the

rate of $39.70 a week, and the employer and his insurer appealed. After hearing in the Superior Court, the Court (*Grant,* J.) found that during the year preceding the accident which caused his death, the deceased employee was paid a total of $786.90 for services rendered during "some part of 8 different weeks," in trucking logs for the plaintiff Alden, and that his expenses in connection with the trucking, and for a helper totaled $300.24; so that his "net pay . . . for the 52 weeks preceding his death was $486.66"; and that "since Kimball worked for eight weeks for Alden during said 52 week period, his net earnings per week while working for Alden were $60.83."

The Court transferred without ruling the question of whether Mrs. Kimball is entitled to compensation "computed at the higher figure ($40 per week) . . . or at the lower figure ($20.25) as contended by plaintiff."

The deceased employee was killed on February 11, 1961, while engaged in transporting logs for the employer. Under the statute his dependent widow is entitled to compensation equal to two-thirds of his "average weekly wages." RSA 281:22 as amended by Laws 1959, 187:12. Section 2 of the Workmen's Compensation Law establishes the methods by which "average weekly wages" are to be determined. RSA 281:2 V (supp). The opposing contentions of the parties center around the interpretation of section 2, subsection V, *supra.*

The employer Alden points out that the employee himself determined what hours he should work, worked for the employer on only fifteen days in eight different weeks in the preceding year, was paid by the thousand feet of logs transported, and derived a profit from his use of his own truck for his employer and others. The employer therefore contends that the employee's compensation should be determined on a basis of the average weekly earnings of other truck drivers in the same locality, which were shown to be $16.20 per day for a nine-hour day. He then contends that this daily wage should be multiplied by the total days worked in the preceding year (15), and that by dividing the result by "the actual number of weeks during which the deceased worked, we arrive at average weekly earnings of $30.38" entitling the dependent to compensation of $20.25 per week.

The employee contends that such a computation has no foundation in the statute; that the case is governed by subsection V (3), which would entitle the dependent to the maximum of $40

per week; and that if the average hourly wage of truck drivers advocated by the employer as a proper yardstick is utilized, the same result is reached if the method prescribed by subsection V(1) is correctly followed.

The dispute must be resolved by reference to the statute, and the governing standard which it employs of the average weekly earnings of the deceased employee. Subsection V(1) of section 2 may be considered to provide the method of determining average weekly wages most likely to be applicable in a majority of cases, in which regular full-time employment at regular hours is apt to be involved. The method is designed to produce a figure reflecting the average amount of "straight-time earnings" per week in the course of a year, on the basis of a forty-hour week. However the section also provides that "regard may be had" for the average weekly earnings of persons in like employment where the nature, term, or period of the claimant's employment is such that use of the first method would be "inequitable."

Subsection V(2) establishes a method to be used where the "normal schedule of hours" of the employee has not exceeded twenty-four a week, or when the employee has been employed for less than a week out of the last fifty-two.

Subsection V(3) provides a formula similar to that of subsection V(2) for "occupations with an indeterminate work week."

Under either V(2) or V(3), the standard is an average of actual earnings per week, without regard to hourly rate, as contrasted with the standard of subsection V(1), of the average hourly rate times forty hours.

We are of the opinion that the claimant is correct in her argument that the case is controlled by subsection V(3) governing indeterminate work weeks. The decedent had no "straight time earnings" by which his average hourly rate can be determined under V(1) (see *Cote* v. *Company*, 85 N. H. 444, 447), had no "normal schedule of hours" V(2); and his hours of employment were in fact "indeterminate." V (3). *Cf. Sprong* v. *Academy*, 99 N. H. 120, 124. The statute lends no support to the contention of the employer that an average hourly wage determined under the second sentence of subsection V(1), should be used to determine an average weekly wage under subsection V(3).

The accuracy of the figures found by the Court are not in dispute. Since the claimant has seen fit to deduct the related

expenses, it is unnecessary to determine whether the statute requires that they be deducted as sums "paid . . . to cover any special expenses entailed on the employee by the nature of his employment" within the meaning of RSA 281:2 IV, forbidding the inclusion of such sums in "wages."

The object of the statute is to compensate for lost earning capacity. *Bedard* v. *Public Service Co.*, 102 N. H. 349, 351; *Kacavisti* v. *Sprague Electric Co.*, 102 N. H. 266, 270. Taking the figure of $486.66 as the decedent's total net earnings in the service of this employer during fifty-two weeks and dividing it by "the actual number of weeks worked," as provided by subsection V(3), the decedent's average weekly earnings are seen to have been at least $60.83 as contended by the claimant. See 2 Larson, Workmen's Compensation Law, *ss.* 60:20, 60:21. *Cf. Nelson's Case*, 333 Mass. 401.

Accordingly, the answer to the question transferred is that the claimant is entitled to the statutory maximum of $40 per week. Laws 1959, 187:12.

*Remanded.*

All concurred.